First case is Doherty Electric v. United States, 2024, 1458 and 1838. Mr. Hughes. Mr. Chief Judge, Your Honors, Matthew Hughes on behalf of taxpayer appellant Doherty Electric, Inc. I've asked that two minutes be reserved for rebuttal. Taxpayer in this case gave the IRS all the information that it had, supplemented when it learned more, and at the IRS's request filled out all the necessary paperwork. The IRS considered our claims on the merits and rejected them. Well, they didn't even provide the period, the tax period. I mean, that's pretty basic. Your Honor, the IRS's own response shows that the tax period wasn't necessary the IRS's analysis, at least of the client versus commissioner argument. They just rejected that argument and said, as a legal matter, we can impose interest and penalties on a criminal restitution order. Can I ask, I thought your position was, and seemed to me to be, that there's something to be said for it, that the IRS of course knew what the nine quarters were. You gave the exact dollar amount to the penny of what you had paid in 2015. I guess there's a little bit of a dispute, I don't quite understand, but the government's position is that when you made that payment in 2015, it was accompanied by a tiny little form, I forget what page it is in the appendix, that had each of the nine quarters for the dollar amounts, the penalties and the owed amounts were listed on there. The interest is a statutory matter, perfectly calculable. I thought your position was that the one thing the IRS cannot possibly say is that it didn't know what the years and amounts were for. That's correct. I have another bucket of uncertainty about what the grounds for your asking the refund is. Did I misunderstand that? No, you're absolutely right. You're absolutely right about that. As far as the schedule of payment application, we have at the very end, near the very end of the appendix, pages 312 and 313, we have a declaration that's been put in the record from our CPA saying that document was created in 2018 after he got the restitution schedule from the IRS. I guess I didn't really understand that and also didn't understand why what you just said helps you as opposed to hurts you. He didn't have that information at the time. The government says in its motion to dismiss that it received instructions with dollar amounts associated with nine quarters. That's very helpful to you, is it not? I think I may be confused about this. I don't understand what this affidavit is doing. Your Honor, I think what you're confused about is that they claim they received that payment schedule with the 2015 payment and not with our refund claim. Now, if they received it with the 2015 payment, that does really help our case. Now you're saying they didn't? We don't think they actually did. How is it, getting back to Judge Lurie's point, how is it that the IRS should have known what the $1.53 million, et cetera, was for? Just to point out first, we had no way of knowing that. Our CPA tried to calculate it. The IRS should have known it because in our original letter on December 7th of 2017, we pointed back to the restitution order, the criminal case. If the IRS had done its basic due diligence in checking those files, it would have found the restitution order that has all of that information laid out, tax period and amount, tax period and amount, tax period and amount. In virtually all cases, right? I mean, the IRS has the information, but that doesn't alleviate your obligation to file a duly filed claim, articulating what the details are. That could be the excuse for the IRS. I don't have to say anything because the IRS has all this paper. The Supreme Court has said that's not appropriate, but the only question here is, was it enough information for the IRS to be adequately apprised to the basis of the claim? Just going back to what I originally said to Judge Lurie, the IRS denied the penalty portion of the claim solely on legal grounds. They never had to check the year. They issued that decision when they supposedly didn't know the year. I need some clarification here because throughout the filings, I understand you to have raised two specific but different theories, right? Yes, Your Honor. One was the Klein theory that was based on interest on restitution, and the other was the failure to get supervisory approval for the fraud. Yes, Your Honor. Are you still maintaining the Klein theory here? Because it seems like most of your arguments had to do with the supervisory authority issue. We maintain both, and we think that any consideration of those claims on the substance of those claims would be appropriate on remand. But we do believe that both were adequately preserved. In terms of— But there's a difference, right? There is a difference. I mean, in your original submission on December 7th, at least you articulated, you referenced the Klein theory, no reference other than your one sentence that says, and anything else that we might come up with. I assume you put your supervisory approval into that bucket, right? I do. So there's a distinction. One could view the record as different issues arising with respect to the different claims, correct? That's absolutely right, Your Honor. But we would argue under the Western Company of America case from 2006, I believe. In that case, this court said that when the information—when you have an informal claim, like we continue to have here, and during the course of your investigation and examination with the IRS, information solely within the possession of the IRS comes to light that reveals an additional basis for asking for a refund, you can add that to your informal claim. Basics. The claims court dismissed the case for lack of jurisdiction. You argue there was jurisdiction. But even if the fact isn't at issue, the adequacy of the claim is, right? That's what they contend, Your Honor. Let's go back for consent. The district court didn't talk about adequacy, did it? Your Honor, it's—just to back up and make sure I'm being absolutely clear about this, Your Honor's right. This court has consistently said that even though the fact of filing requirement is subject matter jurisdictional, and even though this court in a recent unpublished decision held that the timeliness requirement under 6511 is subject matter jurisdictional, that doesn't matter here because the only issue was the adequacy of our filing, not whether or not we made one, not whether or not it was a request for a refund, and not whether or not it was on time. But how would the analysis have differed? I mean, if we were reviewing it under failure to state a claim— It would be a different standard. It wouldn't be the 12B1 standard. It would be a 12B6 standard, and we would have the opportunity to ask for permission to amend. That alone is a basis for reversal because the court decided this under the 12B1 standard and not the 12B6 standard or a motion for judgment on the pleading standard or another appropriate standard. But if that were to happen on remand— On the amendment, what might you want to say in an amended complaint? Because that issue wasn't presented to the court below. There's no record on that. But if you're saying that this makes a difference, you need to be able to say, here's what we should think it makes a difference. We don't think it would make a difference. We think we adequately pled claims under 12B6. Okay, so there's no practical difference. I mean, there's no equitable tolling that's been shown here or argued. There's no waiver argument by the government. The government presented all these issues below. So as a practical matter, I'm not seeing the distinction between deciding this issue is jurisdictional or is failure to state a claim. What's the difference? Your answer was we wanted to amend it or we could have amended it? I don't understand. So the 12B6 issues that the government has argued have gone to whether or not we actually stated a claim under the client versus commissioner argument and the supervisory approval issue. Those claims were never considered by the court below. We think that if the government were to go back and ask for a motion to dismiss based on the substantial variance doctrine, you know, we think that would be most appropriate at a motion for summary judgment as that, I believe, is an affirmative defense. I don't think that the Court of Federal Claims could dismiss it on a 12B6. Even if they could, then we would go back and allege everything that's on the record, that we put on the record, all the evidence that we put on the record, that the IRS had enough information, et cetera, et cetera. So the arguments would really, they would be the same in terms of our informal claim doctrine argument and our germaneness argument. Can I ask you a very specific question? So in the summer of 2018, you filed, I think you filed on August, in August 2018, but they're signed July, the 843 forms? Yes, Your Honor. Okay. Has the government, I'll ask the government too, but I want to ask you, has the government said that those forms as submitted were, in fact, complete in order to be duly filed, timing aside? I'm not, I'm not aware of any part of the record where they come in and say that, but they did consider those claims on the merits after receiving those forms and the accompanying documentation. The reason I ask is this, that line seven of those forms, which is the line that says, give us grounds, doesn't say Klein, doesn't say approval by supervisor. In fact, it doesn't say any ground at all. And if the IRS accepted those forms as completed, I'm having a little trouble seeing why the Pearl Harbor Day 2017 filing, your letter, why it matters whether you said Klein, whether you said supervisor or anything like that. Well, certainly those forms did reference and attach both our Pearl Harbor Day 2017 letter and our modified protective claim in April of 2018. So it attached and referred to them. So all those grounds were presented with the Form 843 implicitly. Okay. Okay. Yes. So, and just to go back to this issue about whether or not our supervisory approval claim was adequately presented and whether or not our Klein versus Commissioner argument was adequately presented as to the year of filing. First, this court has never held that the year of filing has to be expressly stated. And the tax quarters were, the IRS had notice of the tax quarters because all it had to do was exactly what it did. Go find the restitution order, look at how it allocated interest and penalties, and do the math from there. In fact, that's exactly like Memphis Cotton, one of the seminal Supreme Court decisions. In Memphis Cotton, there was an informal claim. The Supreme Court held it was an informal claim. But to process that claim, the IRS asked for the taxpayers books and conducted an audit of those books. So for the government to say that to satisfy the informal claim doctrine, we have to given them copies of every document they would need to assess the claim is inaccurate. Well, but you're kind of creating a straw man. What did you say in your submission of December 7th relating to the supervisory authority? I see a reference to the Klein theory, but nothing whatsoever. So there's nothing. So your argument that they needed us to sign every date or whatever, whether you're right or wrong on that, you still needed to say something, and where is the something you're relying on on December 7th for the supervisory? As to supervisory approval, nothing in the Pearl Harbor Day 2017 letter. Your Honors, I see that I'm into my rebuttal time. I'll just briefly note that we've preserved certain arguments as to the subject matter jurisdiction argument that might have to be taken up by this court on bonk by the Supreme Court. Those are not at issue here as to the fact of filing or the timeliness of filing under 6511 or several of the equitable exceptions, waiver and general claim and equitable tolling. Thank you very much. We will give you your full two minutes for rebuttal. Thank you. Ms. Wolitzer. Thank you, Your Honor. Good morning. May it please the Court. I'm Rachel Wolitzer, representing the Appellee of the United States. The Supreme Court in Dalm held that the filing of a timely refund claim is a jurisdictional requirement for a refund suit. Why does that issue matter here? I know there's lots of ink that's been spilled, but I can't figure out why we need to resolve that. All of the computer vision exceptions apply even if it's jurisdictional. I don't really see a meaningful argument for equitable tolling in a way that wouldn't be available for a jurisdictional point. I'm not sure why we need to decide anything about that. That's correct, Your Honor. It is an academic question whether the complaint is subject to dismissal on jurisdictional grounds or for failure to state a claim. If the Court would like me to just proceed into why the claims were inadequate and didn't satisfy any of the applicable doctrines, I can just do that. In this case, the taxpayer, Doherty Electric, seeks a refund of employment tax penalties and interest assessed against the company after a civil audit. Can I ask you, when you're going through this, I'm really caught up in the fact that the two theories may be different or at least should be treated differently under the variance factors. Can we talk about the Klein-based theory? Yes. Because it seems like the analysis is it wasn't specific enough to be an informal claim, but it was too specific to be a general claim. Exactly. I'm having a hard time reconciling those two. Right, Your Honor. If the taxpayer makes out a specific claim, then the taxpayer can, after the limitations period, but while the IRS still has jurisdiction over the claim, make a formal amendment raising a new legal theory that is germane to the original claim. Here, they made the specific claim, which was the Klein theory, and then later they try to amend it out of time with a theory that isn't germane to that. You're talking about the supervisory authority. Exactly. Now, I get that. I thought just looking at the Klein theory, though, doesn't it live under the general or under the specific? I mean, just leaving aside the other one. The difficulty I've had in this case is you kind of mush those two theories, and I think there's a basis for arguably separating the two. So just stick with the Klein theory. If you just have the Klein theory, can it be not specific enough for the informal claim, but too specific for the general claim? Well, the Klein theory, Your Honor, simply doesn't apply here because a restitution-based assessment, which was referred to in that first claim letter, is a specific term of art, and it was authorized in 6201A4, and it applies. It means an assessment against the criminal defendant in the amount of the restitution judgment. So when Doherty Electric submitted this letter referring to a restitution-based assessment, there really was no such thing in the case at the time, and in fact... But that's a merits argument, and I understand that you have plenty of merits arguments on the Klein theory, and when nobody ever reached them under these circumstances, but that's a merits argument. That's not what's before us now, right? No, Your Honor, because it shows that the IRS did not have enough information based on that letter to know that Doherty Electric was seeking a refund of penalties assessed, employment tax penalties assessed, after a civil audit for those specific periods. The IRS just received this check with no allocation, and then... And you now agree that contrary to your motion to dismiss, there was no instruction with the 2015 payment? Yes, Your Honor. That was an error in our briefing. So they had the check, and then they got this letter, and the letter didn't say, oh, we're seeking a refund of employment taxes for this period, or for these periods, nine periods. And instead, it talked about this restitution-based assessment, which really, it didn't even exist. What was the IRS civil assessment, 2010, I think it was, that the 2015 payment said it was responding to? Correct, Your Honor. In 2010, after a civil audit, in March 2010, the IRS assessed the employment taxes and the civil fraud penalties and interest for the nine quarters. And for those nine quarters, and there was a penalty, I'm sorry, there was an amount of employment tax not yet paid, and a penalty column, right? Right. And interest. A little bit of interest. Assessed interest. Interest was going to continue to run by 2015. Correct. So the IRS, and I forget, did the December 2017 letter reference back to the, it did reference back to, refer back to the 2015 payment. Did the 2015 payment refer to the civil assessment from March of 2010? Well, the chart, as Mr. Hughes explained, the chart didn't refer to the, or it wasn't submitted until later. So, presumably, all that was. So there's a December 11, 2015 letter with, that says, attached as a check, right? Correct. Okay. Did that refer to the 2010 civil assessment? I have to check, Your Honor, because there is a sealed appendix in this case. So I need to make sure that that was discussed by the court. I guess I'm trying to figure out what to make of, you make two different buckets of arguments for what was missing from the December 2017 letter. One is, you didn't tell us the years and the amounts. The other is, you didn't tell us enough about the reasons. Or you did one, but not the one eventually added. And I'm trying to focus on the first, the years and amounts. And it's, the IRS made an assessment in 2010 based on nine quarters and penalties. It doesn't take more than arithmetic to calculate the interest, because it's all statutory, to produce the exact number that was paid in 2015. And that exact number matched to the penalty, to the penny, what was requested in December as a refund in 2017. So it seems, I don't know, a little bit of a strain, I guess, to say the IRS was not apprised what this December 2017 refund request was for. That's what I'm... Well, because, and in fact, you can look at the denial letter by the IRS, which basically says, well, first there was a letter by the IRS saying, well, if this is all about the restitution judgment, send us the restitution judgment. So they obviously didn't really know what that was about. And then the denial letter said the interest was proper on the, in this restitution judgment. There was nothing wrong with the restitution order. The restitution judgment was perfectly legal. So you can see that the IRS was misled into focusing on this restitution based assessment instead of the actual civil penalties against Doherty Electric, as opposed to the restitution based assessment, which would have been against Mr. Doherty as the criminal defendant. So the first letter, again, is just, it doesn't identify the tax periods, which this Gordon-Stevens held that a refund claim does have to do, even an informal one. It didn't identify the basis, which it seeks to pursue in this case, which is 6751. And so therefore, the claim did not preserve... I'm sorry, you're more familiar with what substance a number like 6751 has. Oh, the supervisory approval. I'm sorry, Your Honor. Yes, it didn't preserve that in the timely filed letter. So therefore, the only thing that it did mention in the complaint, it mentioned it in the complaint, but there was no timely letter raising that issue. So that issue was not preserved. And there's no... And because combined with the years not being on the claim and the basis that they now seek to pursue in their complaint, that's why the claim, the only timely claim of four days before the expiration of the statute of limitations, was not a claim. It really wasn't even a claim. Mr. Hughes says that Doherty Electric is pursuing its Klein theory. Yes, Your Honor, but there really isn't a restitution-based assessment in this case. The restitution-based assessment would have been against Mr. Doherty and the statute that authorizes those wasn't even passed and effective until after the judgment had already been entered. So it wasn't effective. So they're basically, their first letter was chasing a ghost. Those are merits arguments and we don't have a ruling on them. Well, they just highlight the fact that the supervisory approval claim was not made in that first letter. So the IRS didn't have enough information to pass on the supervisory approval claim. It didn't even know that claim was being raised. So the IRS, none of the variance doctrines apply. Can I ask you, this is also, I guess, a little bit more on the merits maybe than we have. If payment of, if repayment of, I guess, coughing up restitution, coughing up the amount of employment taxes that had not been paid, but that should have been paid, how does Mr. Doherty versus Doherty Electric, that distinction apply to that? If that money is given to the IRS, whether from a Doherty Electric account or a personal Doherty account, then there's only one such obligation that needs to be fulfilled, right? Correct. Right. They don't double count. So if it's sent in payment of the restitution, it can be applied to the civil assessment though. So it has to be applied to the amount that was calculated because generally the restitution judgment is not as exact as the amounts assessed in the civil assessments after the civil audit, which again, Doherty Electric participated in the audit. So they had all the information they needed to identify the tax periods and the basis for the claim, but they didn't include that. And as to its being a merits question versus jurisdictional, even if it's a merits question, it would go to failure to state a claim. So therefore the complaint would still be subject to dismissal for failure to state a claim because they didn't preserve their supervisory approval claim because they didn't include it in a timely letter and the restitution-based assessment doesn't apply because there was none in this case. The statute that authorized those had not even been passed and was not effective for the restitution judgment in this case. So whether it's subject to dismissal for lack of jurisdiction or for failure to state a claim, the complaint must be dismissed. Thank you, counsel. Mr. Hughes, I'll give you three minutes for rebuttal. Thank you, Your Honor. Just a few quick points. Some of the factual issues just emphasize why deciding this case under the wrong standard matters. It's not subject matter jurisdictional. It should be decided by the court of federal claims in the first instance below under an appropriate standard, whether that be 12B6 or summary judgment or some other standard. Counsel referenced Dahl v. Wilkins as saying that this is the 7422A and 6511A are subject matter jurisdictional. That's incorrect. As Brown and Dixon say, only the adequacy of a filing, well, the adequacy of a filing, which is exactly what's at issue here. Can I ask you just to get back to what Ms. Wolitzer finished with? What would be the point of a remand on the question whether the Klein theory is wrong as a matter of law because it rests on a statute that didn't even exist at the time? That seems like a pure question of law. Well, it's not been decided, but more fundamentally, I think the government is confused as to exactly what our Klein v. Commissioner argument was. What Klein didn't say, there's a new ground for refunds based on a statute. What it said is the statute doesn't change the background principle that you can't impose a civil penalty based on a number in a criminal restitution order. That's what we allege in our complaint actually happened here. So number one, they're wrong. Number two, this court should remand for that to be decided in the first instance based on full briefing below. Judge Prost, as to the supervisory approval argument, I just want to emphasize again that we think Western Company of America controls. And that case says that when you raise grounds in an informal claim and then additional info only available to the IRS is disclosed during the dispute, that information can be the basis of an additional grounds for a refund and that fits within the informal claim doctrine. Stevens does not say what the government says it says. It does not say that you have to specify a year. What Stevens says is that if you specify the wrong year and a completely different ground, you can't go back and later say, well, it was really a refund claim. On the two cases you've just mentioned, were those cited in your brief? Stevens is cited extensively in both briefs. I don't recall exactly. I believe Western America was, but I don't remember where. I can't cite you to a page. And I just want to emphasize this one last point. We gave the IRS everything we had and to the have, you can look at pages 312 and 313 of the appendix. Thank you very much, Your Honors. Thank you to both counsel. The case is submitted.